## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENVIRONMENTAL INTEGRITY PROJECT<br>1000 Vermont Ave, NW, Suite 1100<br>Washington, DC 20005, and<br><br>CHESAPEAKE CLIMATE ACTION NETWORK<br>6930 Carroll Avenue, Suite 720<br>Takoma Park, MD 20912, and<br><br>PHYSICIANS FOR SOCIAL RESPONSIBILITY, CHESAPEAKE, INC.<br>325 East 25th Street<br>Baltimore, MD 21218<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT PRUITT, Administrator, U.S. Environmental Protection Agency,<br>William Jefferson Clinton Building,<br>Mail Code 1101A<br>1200 Pennsylvania Ave, NW<br>Washington, DC 20460<br><br>Defendant. | Case No. _____ |

## COMPLAINT FOR INJUNCTIVE AND DECLATORY RELIEF

## I.      INTRODUCTION

1.   This is a civil action for declaratory and injunctive relief, with costs and fees under the Clean Air Act, 42 U.S.C. § 7401 et. seq., and the declaratory judgment statute, 28 U.S.C. §§ 2201 and 2202.

2.   Environmental Integrity Project, Chesapeake Climate Action Network, and Physicians for Social Responsibility, Chesapeake, Inc. (collectively, "Plaintiffs") seek an order declaring that the Defendant, the Administrator of the United States Environmental Protection Agency ("Administrator"), is required, pursuant to 42 U.S.C. § 7661d(b)(2), to grant or deny a petition filed by Plaintiffs ("Petition") requesting that the Administrator object to Title V Operating Permit No. 24-003-0468 ("Proposed Permit" or "Permit"), issued by the Maryland Department of the Environment ("MDE") to Raven Power Fort Smallwood, LLC ("Raven") for operation of the Fort Smallwood Complex, which houses the Brandon Shores power plant and the Wagner power plant, and is located in Anne Arundel County, Maryland.  See Exhibit A (Cover Letter and Petition to Object to Proposed Permit).   Plaintiffs also seek an order requiring the Administrator to perform his non-discretionary duty to grant or deny this petition.

## II.      JURISDICTION, VENUE AND NOTICE

3.   This action is brought under the Clean Air Act, which is a federal statute.  The Defendant is an agency of the United States government.  Thus, this Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 28 U.S.C. §§ 1331 (federal question) and 1346 (United States as defendant).

4.   This case does not concern federal taxes, is not a proceeding under 11 U.S.C. §§ 505 or 1146, nor does it involve the Tariff Act of 1930.  Thus, this Court has authority to order the declaratory relief requested under 28 U.S.C. § 2201.  If the Court orders such relief, 28 U.S.C.

§ 2202 authorizes this Court to issue injunctive relief, and 28 U.S.C. § 2412 authorizes this Court to award Plaintiffs their costs and attorneys' fees.

5.  A substantial part of the alleged events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia.  In addition, this suit is being brought against the Administrator in his official capacity as an officer or employee of the United States Environmental Protection Agency ("EPA"), residing in the District of Columbia.  Thus, venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e).

6.  On April 17, 2017, as required by 42 U.S.C. § 7604(b)(2), Plaintiffs notified the Administrator of the violations alleged in this complaint and of Plaintiffs' intent to sue if the Administrator did not respond to Plaintiffs' Petition to object to the Proposed Permit within 60 days.  See Exhibit B (Notice of Intent to Sue) (attachments omitted).  More than 60 days have passed since Defendant received this notice of intent to sue letter.  Defendant has not remedied the violations alleged in this complaint.  Therefore, an actual controversy exists between the parties.

## III.  PARTIES

7.  Plaintiff ENVIRONMENTAL INTEGRITY PROJECT ("EIP") is a national non-profit corporation founded to advocate for the effective enforcement of state and federal environmental laws, with a specific focus on the Clean Air Act and large stationary sources of air pollution, like coal-fired power plants.

8.  EPA's failure to timely respond to the Petition, which demonstrates that the Proposed Permit fails to comply with the law, adversely affects EIP's ability to assure that the permit complies with Clean Air Act requirements.

9.  Plaintiff CHESAPEAKE CLIMATE ACTION NETWORK ("CCAN") is a grassroots, non-profit organization founded to transition the Chesapeake By region toward clean-energy

solutions to climate change, specifically in Maryland, Virginia, and Washington, D.C. CCAN's mission is to educate and mobilize citizens in a way that fosters a rapid societal switch to clean energy sources. This mission includes ensuring that facilities that contribute to global warming, such as coal-fired power plants, do not impact the health of CCAN's members or the environment through emitting dangerous pollutants.

10. CCAN's mission and its members are adversely impacted if Title V permits do not comply with the Clean Air Act and thus allow power plants and other facilities to emit more pollutants than they should be allowed to emit under the Act — or if permits do not assure compliance with the limits established under the Act. CCAN petitioned the Administrator to object to the Proposed Permit because the Permit fails to comply with applicable Clean Air Act requirements.  The Administrator's failure to perform his non-discretionary duty to grant or deny Plaintiffs' Petition injures the organizational interests of CCAN as well as the concrete public health interests of its members.

11. Plaintiff PHYSICIANS FOR SOCIAL RESPONSIBILITY, CHESAPEAKE, INC. ("Chesapeake PSR") is dedicated to creating a healthy, just and peaceful world for both present and future generations.  Among other efforts, Chesapeake PSR uses its medical and public-health expertise to promote clean, renewable energy and to minimize the amount of air pollution emitted from coal-fired power plants.  Chesapeake PSR, which has approximately 300 members, actively participates in the regulatory and permitting processes for coal-fired power plants in an effort to ensure that Maryland adequately addresses public-health issues associated with the operation of these plants.

12. Chesapeake PSR and its members would be harmed if the Proposed Permit did not comply with the Clean Air Act.  Chesapeake PSR petitioned the Administrator to object to the Proposed

Permit because it fails to comply with applicable Clean Air Act requirements. The Administrator's failure to perform his non-discretionary duty to grant or deny this petition injures the organizational interests of CCAN as well as the concrete public health interests of its members.

13. Plaintiffs have an interest in ensuring that the Permit complies with all applicable federal requirements. Members and employees of Plaintiff organizations live, work, and recreate in areas that are affected by air pollution from both power plants at the Fort Smallwood Complex. These members and employees—and the Plaintiff organizations themselves—will be adversely affected if EPA fails to object to this Permit.

14. Defendant SCOTT PRUITT is the Administrator of the Environmental Protection Agency. The Administrator is responsible for implementing and enforcing the Clean Air Act. As described below, the Clean Air Act assigns to the Administrator a non-discretionary duty to grant or deny timely-filed Title V petitions within 60 days.

## IV.     LEGAL BACKGROUND

15. The Clean Air Act is designed to protect and enhance the quality of the Nation's air so as to promote the public health and welfare and productive capacity of its population. 42 U.S.C. § 7401(b)(1). To advance this goal, Congress amended the Act in 1990 to establish the Title V operating permit program. See 42 U.S.C. §§ 7661–61f. Title V of the Clean Air Act provides that "[a]fter the effective date of any permit program approved or promulgated under this subchapter, it shall be unlawful for any person to violate any requirement of a permit issued under this subchapter, or to operate . . . a major source . . . except in compliance with a permit issued by a permitting authority under this subchapter." 42 U.S.C. § 7661a(a).

16. Raven's Fort Smallwood Complex is a major source subject to Title V permitting requirements.

17. The Clean Air Act provides that the Administrator may approve a state's program to administer the Title V operating permit program with respect to sources within its borders. 42 U.S.C. § 7661a(d).   The Administrator approved Maryland's administration of its Title V operating permit program.   61 Fed. Reg. 1974 (Jan. 15, 2003). Thus, MDE is responsible for issuing Title V operating permits in Maryland.

18. Before MDE may issue, modify, or renew a Title V permit, it must forward the proposed permit to EPA for review.  42 U.S.C. § 7661d(a)(1)(B).  The Administrator then has 45 days to review the proposed permit.  The Administrator must object to the permit if he finds that the proposed permit does not comply with all applicable provisions of the Clean Air Act.  42 U.S.C. § 7661d(b)(1).  If the Administrator does not object to the permit during EPA's 45-day review period, "any person may petition the Administrator within 60 days" to object to the permit.  42 U.S.C. § 7661d(b)(2).

19. If a petition is timely filed, the Administrator has a non-discretionary duty to grant or deny it within 60 days.  Id.; New York Public Interest Research Group v. Whitman, 214 F. Supp. 2d 1, 2 (D.D.C. 2002).

20. The Clean Air Act authorizes citizen suits "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2).

## V.         FACTUAL BACKGROUND

21. The Fort Smallwood Complex is located in northern Anne Arundel County, Maryland.  The complex consists of two electrical generating stations, which are collectively permitted to burn coal, oil, and natural gas.  One is the Brandon Shores plant and the other is the Wagner plant.  Each plant emits pollutants including particulate matter.

22. MDE issued a draft version of the Fort Smallwood Complex Permit for public comment on May 19, 2016.  Plaintiffs timely submitted comments on the draft version of the Permit on June 17, 2016.  These comments included the issues that would later be the basis for Plaintiffs' Petition.

23. EPA failed to object to the Proposed Permit within the 45-day review period.

24. After EPA failed to object to the Proposed Permit within the 45-day review period under 42 U.S.C. § 7661d(b)(1), Plaintiffs—on February 3, 2017—timely filed their Petition for EPA to object to the Permit.  See 42. U.S.C. § 7661d(b)(2).  The Petition was based on objections that were raised during the notice and comment period.  Specifically, Plaintiffs objected to monitoring requirements that are insufficient to assure compliance with emission limits for visible emissions and for particulate matter.

25. Though the Administrator was required to grant or deny Plaintiffs' Petition within 60 days, see 42 U.S.C. § 7661d(b)(2), he has not yet done so.

26. On April 17, 2017, Plaintiffs sent Defendant notice of their intent to sue the Administrator for his failure to grant or deny Plaintiffs' Petition within 60 days.

## VI.      CAUSE OF ACTION

### FAILURE TO RESPOND TO PLAINTIFFS' PETITION

[42 U.S.C. § 7661d(b)(2)]

27. Plaintiffs re-allege and incorporate the allegations set forth in Paragraphs 1–26.

28. The Clean Air Act required Defendant to act on the Petition within 60 days of its filing.  42 U.S.C. § 7661d(b)(2) (stating that "[t]he Administrator shall grant or deny such a petition within 60 days after the petition is filed.") (emphasis added).  This is a non-discretionary duty.  New York Public Interest Research Group v. Whitman, 214 F.Supp.2d at 3.

29. It has been more than 60 days since Defendant received Plaintiffs' Petition, yet Defendant has failed to respond to the Petition.

30. In failing to respond to Plaintiffs' Petition, EPA has violated the Clean Air Act.

31. Defendant's failure to grant or deny the Petition constitutes a failure to perform an act or duty that is not discretionary, actionable under 42 U.S.C. § 7604(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, based upon the allegations set forth above, Plaintiffs respectfully request that this Court:

A.  Declare that Defendant's failure to grant or deny the Plaintiffs' Petition within 60 days constitutes a failure to perform acts or duties that are not discretionary within the meaning of 42 U.S.C. § 7604(a)(2);

B.  Order the Defendant to grant or deny Plaintiffs' Petition within 60 days;

C.  Retain jurisdiction over this action to ensure compliance with the Court's Order;

D.  Award Plaintiffs their costs and fees related to this action; and

E.  Grant such other relief as the Court deems just and proper.

DATED:  JUNE 23, 2017

ATTORNEY OF RECORD

/s/ Adam Kron
Adam Kron
D.C. Bar No. 992135
Environmental Integrity Project
1000 Vermont Ave. N.W., Suite 1100
Washington, D.C. 20005
Phone: (202) 263-4451
akron@environmentalintegrity.org

*Attorney for Plaintiffs*